10-410-ag
Cheng v. Holder

BIA
Elstein, IJ
A098 769 783

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand eleven.

PRESENT:
      JOSÉ A. CABRANES,
      GERARD E. LYNCH,
      DENNY CHIN,
        *Circuit Judges.*

_____

CHEN CHENG,
      *Petitioner,*

     v.                      10-410-ag
                                     NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:    Jan Potemkin, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Gladys M. Steffens Guzmán, Trial Attorney, Civil Division, Office of Immigration Litigation, United States

**Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chen Cheng, a native and citizen of the People's Republic of China, seeks review of a January 8, 2010, decision of the BIA affirming the April 3, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein denying Cheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen Cheng*, No. A098 769 783 (B.I.A. Jan. 8, 2010), *aff'g* No. A098 769 783 (Immig. Ct. N.Y. City Apr. 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

**I.      Asylum and Withholding of Removal**

**A.   Past Persecution**

Contrary to the government's assertion that Cheng failed to exhaust any challenge to the IJ's determination that the fine imposed on him constituted persecution, Cheng argued before the BIA that the fine was an unreasonable penalty imposed to punish him for violating the family planning policy. Because the issue was raised below, it has been sufficiently exhausted. However, although Cheng testified that the fine constituted "about seven months of [his] income," he provided no evidence of his net worth at the time of the fines, or any other facts that would make it possible to evaluate his personal financial circumstances in relation to the fine. *See Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 68, 70 (2d Cir. 2002)(finding that although economic deprivation may constitute persecution, "an asylum applicant must offer some proof that he suffered a deliberate imposition of substantial economic disadvantage.") (internal quotation marks and citation omitted). Absent such proof, we cannot assess whether or not the fine constituted a "substantial economic disadvantage" to him as required for a finding of past

persecution.  *See id.; see also* 8 U.S.C. § 1229a(c)(4)(B) (noting that the applicant bears the burden of proof to establish the elements of his claim).

**B.    Well-Founded Fear of Future Persecution**

**1.    "Other Resistance Claim"**

As the agency noted, despite Cheng's bald assertion that, upon returning to China, Chinese authorities will impose additional punishments on him, no evidence indicated that Chinese authorities had any remaining interest in Cheng based on his resistance to the family planning policy.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (noting that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").  Given the lack of evidence, the agency reasonably found that Cheng failed to meet his burden of proof.

**2.    Illegal Departure Claim**

Despite Cheng's assertion that he established a well-founded fear of persecution based on his illegal departure from China, the possibility that an alien will be prosecuted under a generally applicable statute does not, by itself, demonstrate that the alien has a well-founded fear of

4

persecution on account of a protected ground. *See Qun Yang v. McElroy*, 277 F.3d 158, 163 n.5 (2d Cir. 2002). Cheng points to no evidence, and relies only on the non-binding decisions of other circuits. *See, e.g., United States v. Mang Sun Wong*, 884 F.2d 1537, 1542 (2d Cir. 1989) (indicating that we are not bound to follow decisions of another circuit). Accordingly, the BIA reasonably determined that Cheng failed to meet his burden of proof that he had a well-founded fear of persecution based on his illegal departure from China. *See Qun Yang*, 277 F.3d at 163 n.5.

## II. CAT Claim

Contrary to the government's assertion that Cheng waives any challenge to the agency's denial of CAT relief, Cheng asserts that the "evidence submitted demonstrate[d] that China persecutes and tortures those who flee China without prior authorization." However, a petitioner is not "entitled to CAT protection based *solely* on the fact that she is part of the large class of persons who have illegally departed China." *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005)(emphasis in original); *see also Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir.

2003).  Because Cheng produced only generalized evidence concerning the treatment of prisoners in China without submitting particularized evidence indicating that he is likely to be tortured or that illegal emigrants are tortured upon their return to China, he failed to demonstrate his eligibility for CAT relief.  *See Mu Xiang Lin*, 432 F.3d at 160.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk